UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOUNDERS INSURANCE COMPANY,

        Plaintiff,

v.                                     Case No. 8:10-cv-02286-T-17AEP

JESUS CORTES-GARCIA, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      This cause comes before the Court upon Defendant's, 802 East Whiting Street, Inc. ("802 East Whiting"), **Motion to Determine Entitlement to Attorney's Fees and Costs Pursuant to Section 627.428, Florida Statutes and Incorporated Memorandum of Law** (Dkt. No. 69), Plaintiff's Response in opposition thereto (Dkt. No. 77), Defendant's, 802 East Whiting, **Supplemental Motion for Attorney's Fees and Costs Pursuant to Section 627.428, Florida Statutes and Incorporated Memorandum of Law** (Dkt. No. 75), Plaintiff's Response in opposition thereto (Dkt. No. 82), and Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant 802 East Whiting Street, Inc.'s Motion to Determine Entitlement to Attorney's Fees (Dkt. No. 91).  Also before the Court are the following regarding costs: Defendant's, Jesus Cortes-Garcia, as Personal Representative of the Estate of Jose Daniel Cortes-Garcia ("the Estate"), **Motion to Determine Entitlement to Attorney Costs and Motion for Extension of Time to File Supporting Documentation Once Entitlement Has Been Determined** (Dkt. No. 71); Defendant's, the Estate, **Bill of Costs** (Dkt. No. 72); Plaintiff's

Response in opposition thereto (Dkt. No. 78), and Plaintiff's **Amended Bill of Costs** (Dkt. No. 73). The Court held a hearing on these matters on November 19, 2012. For the reasons that follow, the undersigned recommends that Defendant 802 East Whiting's request for attorney's fees and costs be denied without prejudice, that Defendant's, the Estate, Motion to Determine Costs and Bill of Costs be denied without prejudice, and Plaintiff's Amended Bill of Costs be denied without prejudice, as stated herein.[1]

## I. Procedural Background

On October 12, 2010, Plaintiff brought this action seeking a declaratory judgment that Plaintiff has no duty to defend or indemnify its insured, 802 East Whiting, in an underlying state action under the Commercial General Liability ("CGL") provisions and the Liquor Liability Coverage ("LLC") provisions of its insurance policy.[2] (Dkt. No. 1.) In this case, Count I of the Second Amended Complaint seeks a declaratory judgment under the CGL provisions regarding a duty to defend and a duty to indemnify, and Count II of the Second Amended Complaint seeks a declaratory judgment under the LLC provisions regarding a duty to defend and a duty to indemnify. (Dkt. No. 31.)

---

[1]Although the district judge referred 802 East Whiting's Motion for Attorney's Fees and Costs (Dkt. No. 69), 802 East Whiting's Supplemental Motion for Attorney's Fees and Costs (Dkt. No. 75), the Estate's Motion to Determine Costs (Dkt. No. 71), the Estate's Bill of Costs (Dkt. No. 72), and Plaintiff's Bill of Costs (Dkt. No. 73) for disposition (Dkt. No. 76), under Local Rule 6.01(c)(18), a magistrate judge cannot enter an order that would be appealable if entered by a district judge. *See also* 28 U.S.C. § 636. Accordingly, the undersigned has submitted a report and recommendation.

[2]Even though Plaintiff seeks such relief, Plaintiff provided Defendant 802 East Whiting a defense in the state court action under a reservation of rights. (Dkt. No. 77 at 2.)

Interestingly, Plaintiff points out that the initial complaint filed by the Estate in state court did not contain any allegations that 802 East Whiting violated section 768.125, Florida Statutes, which Plaintiff asserts is the only way to impose liability on 802 East Whiting under Florida law. (Dkt. No. 77 at 2-3.)  That is, the state court complaint did not plead that 802 East Whiting's negligence was in any way related to the service or selling of alcohol.  (Dkt. No. 77 at 5.)  The LLC provisions of the insurance policy provide coverage only if liability is imposed on 802 East Whiting by reason of selling, serving, or furnishing alcoholic beverages.  (*Id.* at 2.)  Plaintiff avers that the Estate took action at the eleventh hour in order to assert coverage under the LLC provisions and to defeat Plaintiff's Motion for Summary Judgment in this case by filing a Second Amended Complaint on March 21, 2012, in the underlying action including the basis for 802 East Whiting's liability.  (*Id.* at 3) ("Nearly a year and a half after [Plaintiff] instituted this action, the Estate filed an 'emergency motion' in the state court action to file a second amended complaint. (Doc. 35-1).  The transparent purpose of that amendment was to try to plead into the Liquor Liability Coverage.").  That same day, the Estate filed a Motion in this case seeking judicial notice of the state court Second Amended Complaint.  (Dkt. No. 35.)  Therefore, up until March 21, 2012 (eleven days prior to the extended dispositive motion deadline in this case), Plaintiff was under the impression that the LLC provisions of the insurance policy would not be implicated based on the pleadings in the underlying action.  On the other hand, after that point, due to the Second Amended Complaint in the state action that sufficiently alleged grounds to impose liability on 802 East Whiting, Plaintiff was on notice that the LLC provisions of the insurance policy would be implicated for purposes of this case.

After motions for summary judgment were filed, the Court entered an Order granting Defendant 802 East Whiting's Motion for Partial Summary Judgment (Dkt. No. 63), granting in part and denying in part Plaintiff's Motion for Summary Judgment (Dkt. No. 39), and granting in part and denying in part the Estate's Motion for Summary Judgment (Dkt. No. 49). The Court then entered judgment in favor of Defendant 802 East Whiting against Plaintiff as to Count II of the Second Amended Complaint (Dkt. No. 65), judgment in favor of Plaintiff against Defendant 802 East Whiting as to Count I of the Second Amended Complaint (Dkt. No. 64), judgment in favor of the Estate against Plaintiff as to Count II of the Second Amended Complaint (Dkt. No. 66), and judgment in favor of Plaintiff against the Estate as to the Estate's Counterclaim for Medical Payments Coverage (Dkt. No. 67). In sum, the judgments resolved Count I in favor of Plaintiff and resolved Count II in favor of Defendants, 802 East Whiting and the Estate, but only on the issue of the duty to defend. The declaratory judgment sought with regard to Count II on the issue of the duty to indemnify still remains outstanding.

In granting Defendant 802 East Whiting's Motion for Partial Summary Judgment, the Court found that Plaintiff had a duty to defend Defendant 802 East Whiting in the underlying state action under the LLC provisions of the insurance policy because there was coverage under the LLC policy. However, the Court found that it was premature to determine whether there was a duty to indemnify. On September 10, 2012, the Court granted in part and denied in part Plaintiff's Motion to Alter Judgment, and specifically stated that "[t]he new judgment shall state: Judgment is entered in favor of Defendants, 802 East Whiting and the Estate, as to Count II of Plaintiff's Second Amended Complaint for Declaratory Judgment finding that Plaintiff has a duty

4

to defend the Underlying Action under the Assault and/or Battery Coverage Buy-Back endorsement of the Liquor Liability Coverage provisions.  A determination of Plaintiff's duty to indemnify under the Assault and/or Battery Coverage Buy-Back endorsement is premature." (Dkt. No. 85.)  Accordingly, an Amended Judgment was entered in favor of Defendants, 802 East Whiting and the Estate, against Plaintiff as to Count II of Plaintiff's Second Amended Complaint only on the duty to defend.  (Dkt. No. 86.)

Defendant 802 East Whiting timely moved for attorney's fees and costs pursuant to section 627.428, Florida Statutes.  (Dkt. No. 69 at 2.)  Once Defendant 802 East Whiting filed its affidavit and billing records in support of fees and costs (Dkt. No. 75), the Court referred the determination of the proper amount of fees and costs to the undersigned Magistrate Judge (Dkt. No. 76).  By the motion, Defendant 802 East Whiting seeks an award of attorney's fees and costs totaling $65,391.46.  More specifically, Defendant seeks an award of attorney's fees in the amount of $64,125.00 for 285 hours of work performed by Attorney Michael P. Keenan ("Mr. Keenan") at an hourly rate of $225.00, as well as an award of costs in the amount of $1,266.46. Plaintiff filed three responses opposing the request for attorney's fees and costs (Dkt. Nos. 77, 82, 91).  Plaintiff first challenges the request by asserting that the statute does not apply, and in any event, it is premature to decide the issue of attorney's fees and costs.  (Dkt. No. 77.)  Plaintiff also argues that Defendant 802 East Whiting did not meet its burden of proving which fees are recoverable, and further, the amount of fees is unreasonable and the rate charged by the attorney could be considered unreasonable.  (Dkt. No. 82.)

The Estate also moved for costs by filing a Motion seeking a determination by this Court

as to its entitlement to its costs (Dkt. No. 71) and a corresponding Bill of Costs (Dkt. No. 72).

First, the Court notes that the Estate did not follow the proper procedure in seeking

reimbursement of costs.  *See* Fed. R. Civ. P. 54(d) ("The Clerk may tax costs on 14 days' notice.

On motion served within the next 7 days, the court may review the clerk's action."); M.D. Fla.

R. 4.18(a) ("In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees

preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or

petition filed not later than fourteen (14) days following the entry of judgment.").  Nonetheless,

the Court will address the "Motion" and Bill of Costs.  The Estate claims that it is a prevailing

party and entitled to be reimbursed for costs because the Court entered partial summary judgment

in its favor.  (Dkt. No. 71 at 2.)  The Estate apparently seeks to recover $3,000.00 that it

categorized as "[f]ees of printed or electronically recorded transcripts necessarily obtained for use

in the case." (Dkt. No. 72.)  However, the Bill of Costs includes no documentation as to what

constitutes $3,000.00 in costs.  Rather, the "Motion" seeks an extension of time to submit

supporting documentation for its costs.  (Dkt. No. 71 at 2.)  Plaintiff's Response to the Estate's

"Motion" essentially argues two things: (1) that the Estate is not a prevailing party entitled to

costs; and (2) the "Motion" is procedurally inappropriate and the Bill of Costs includes no

supporting documentation.  (Dkt. No. 78 at 4-6.)

Lastly, Plaintiff moved for costs by filing an Amended Bill of Costs with corresponding

documentation.  (Dkt. No. 73.)  Plaintiff seeks to recover $5,108.15 in costs.  (*Id.* at 1.)  More

specifically, Plaintiff asserts the following as the categories of its costs: (1) $350.00 for fees of

the clerk; (2) $664.00 for fees for service of summons and subpoena; (3) $3,695.15 for fees for

printed or electronically recorded transcripts necessarily obtained for use in the case; (4) $328.00

for fees for witnesses; and (5) $71.00 for exemplification and costs for making copies.  (*Id.*)  No

responses were filed to Plaintiff's Amended Bill of Costs.

The Court will first address the motions and responses related to 802 East Whiting's

entitlement to fees and costs. Then the Court will address the motions and response related to the

separate costs asserted by Plaintiff and the Estate.

## II. Standard of Review Particular to this Case Regarding Fees

Defendant 802 East Whiting seeks an award of attorney's fees pursuant to section

627.428, Florida Statutes, and Rule 54(d), Federal Rules of Civil Procedure.  In a diversity case

such as this one, "a federal court applies the substantive law of the forum state, unless federal

constitutional or statutory law is contrary." *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th

Cir. 1991) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 226-27 (1991)).  "It is well settled

that federal courts are bound by the interpretation of a state statute by state courts." *Lexow*, 937

F.2d at 571 (quoting *Silverstein v. Gwinnett Hosp. Auth.*, 861 F.2d 1560, 1569 (11th Cir. 1988)).

"In applying state law, a federal court must 'adhere to decisions of the state's intermediate

appellate courts absent some persuasive indication that the state's highest court would decide the

issue otherwise.'" *Lexow*, 937 F.2d at 571 (quoting *Silverberg v. Paine, Webber, Jackson &

Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983)).

## III.  Analysis as to Fees under the Statute

### A.  Purpose of the Statute

Under section 627.428, Florida Statutes, an insured can recover attorneys' fees

(1) [u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

. . .

(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

Fla. Stat. § 627.428 (2012).[3]   The purpose of the statute, according to Florida courts, "is to discourage contesting of valid claims of insureds against insurance companies . . . . and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts . . . ."   *Lexow*, 937 F.2d at 572-73 (quoting *Wilder v. Wright*, 278 So. 2d 1, 3 (Fla. 1973)) (internal quotations omitted); *see Axis Surplus Ins. Co. v. Contravest Constr. Co.*, No. 6:11-cv-320-ORL-28DAB, 2012 WL 2913525,

---

[3]The Court notes that the prevailing party test of *Moritz v. Hoyt Enterprises*, 604 So. 2d 807 (Fla. 1992) does not apply to an award of attorneys' fees under section 627.428, Florida Statutes. *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994) ("In *Moritz* and *Prosperi*, on the other hand, the right to attorneys fees potentially existed for either party, whether by contract or statute.  Thus, these cases applied only where there might be some confusion as to who is actually the prevailing party - where neither party has fully won nor fully lost, but both potentially can claim attorneys' fees. . . . Under the present statute, an insured or beneficiary who prevails is entitled to attorneys' fees.") Although section 627.428 makes clear that only an insured can recover fees if the stated conditions are met, the Florida Supreme Court stated that the trial court can consider the fact that the insured did not prevail on all claims and the degree to which this protracted litigation and increased costs. *Id.*

8

at *1 (M.D. Fla. July 6, 2012) (quoting a Florida District Court of Appeal case, this Court notes that because section 627.428 acts as a penalty against the insurer for wrongfully refusing a legitimate claim, the Court must strictly construe the statute's language) (citations omitted). This Court has explained that section 627.428 has a dual purpose: to punish insurance companies for wrongful conduct and to compensate insureds who go to court to get a claim paid. *Kearney v. Auto-Owners Inc. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3119380, at *7 (M.D. Fla. Aug. 4, 2010) (citations omitted). Further, even if there is modest wrongful conduct, the statute's compensatory purpose tips in favor of paying the insured's attorneys' fees because the statute includes mandatory language requiring courts to award fees whenever an insured prevails. *Id.*

In expounding on the purpose of the statute, Florida appellate courts have articulated a general rule regarding when an insurer is obligated to pay fees under the statute:

> The general rule is to the effect that an insurance company must pay those attorney's fees if the company wrongfully caused the parties to resort to litigation by not resolving the conflict when it was reasonably within the company's power to do so. For example, the insurance company was required to pay the beneficiary's attorney's fees in *Kurz v. New York Life Insurance Co.*, 168 So. 2d 564 (Fla. 1st DCA 1964), where the litigation resulted from the insurance company's failure to give effect to a provision in its own policy. In contrast, the insurance company was not required to pay the beneficiaries' attorney's fees in either *New York Life Insurance Co. v. Shuster*, 373 So. 2d 916 (Fla. 1979), or *Manufacturers Life Insurance Co. v. Cave*, 295 So. 2d 103 (Fla. 1974), where the litigation resulted from the beneficiaries' claims that change of beneficiary forms were forged, a type of claim that the insurance company could reasonably be expected to be resolved by a court.

*Crotts v. Bankers & Shippers Ins. Co. of N.Y.*, 476 So. 2d 1357, 1358 (Fla. 2d DCA 1985). Thus,

when an insurance company can reasonably resolve the conflict on its own because of the information known to it and nonetheless decides to drag the insured into court (or nonetheless continues to fight the insured), the insurer will be liable to the insured for an award of fees under the statute. *Id.* at 1358-59; *see Gov't Employees Ins. Co. v. Battaglia*, 503 So. 2d 358, 360 (Fla. 5th DCA 1987) (stating that the inverse is also true: "[w]hen the claim is one that the carrier reasonably can expect to be resolved by a court, rather than by itself, then section 627.428 does not generate a punitive fee."). For example, the *Crotts* court cites another case, *Great Southwest Fire Insurance Company v. DeWitt*, 458 So. 2d 398 (Fla. 1st DCA 1984), which is equally illustrative of this point. In *DeWitt*, a mortgage was held on a house that was destroyed by fire, and the insurance company could not determine who held the mortgage. *Great Sw. Fire*, 458 So. 2d at 399. After litigation had commenced, however, the mortgage was satisfied and the insurance company was notified of the same. *Id.* But the insurance company continued with the litigation. *Id.* at 399-400. The court concluded that fees were appropriately awarded for the work that was done after the insurance company learned of the satisfaction of the mortgage because it wrongfully withheld insurance proceeds after that point, after being apprised that no legitimate conflicting claims existed. *Id.* at 400. It was thus completely within the insurance company's ability to resolve the conflict, and beyond that point, the insurance company acted wrongfully, entitling the movant for fees the fee award. *Id.*; *see Battaglia*, 503 So. 2d at 360-61 (finding that GEICO acted reasonably in asserting a declaratory judgment and seeking a stay of arbitration so as not to be liable to the insured for attorneys' fees because GEICO's declaratory judgment existed at a time when another insurer was insuring the insured and GEICO was not obligated to

10

do the same).

In enforcing the purpose of section 627.428, the Court finds that Plaintiff did not act wrongfully from the time it filed its Complaint up until March 21, 2012, when Plaintiff was notified that the Second Amended Complaint was filed in the underlying action.  Up until March 21, 2012, there was a legitimate conflict that Plaintiff could not resolve on its own, as the initial state court complaint did not allege a basis to warrant coverage under the LLC provisions of the insurance policy.  Therefore, as to the information known to the insurance company at the time, a conflict existed that it could not resolve on its own, and attorney's fees are inappropriate for that time period (from the start of this lawsuit through March 21, 2012).  However, once the Second Amended Complaint was filed in the state court action (and on the same day, notification was made in this action) including specific allegations that would implicate the LLC provisions of the policy, like the insurer in *DeWitt* after it had notice that the mortgage was satisfied, Plaintiff was wrongful to have continued to fight the issue – the duty to defend under the LLC provisions (Count II) in this case – that was no longer in conflict and it could then resolve on its own.  As a result, Plaintiff is liable to the prevailing insured for fees associated with defending the duty to defend claim under the LLC provisions after the date the Second Amended Complaint was filed, March 21, 2012, and forward.  In carrying out the purpose of the statute, to punish an insurer for wrongfully bringing a claim and to compensate an insured, this is the exact result contemplated. The Court finds that the statute does, in fact, apply in this case, and Defendant 802 East Whiting is due attorney's fees from March 21, 2012, through June 28, 2012, when the initial judgment was entered in its favor (Dkt. No. 65), at least with respect to the duty to defend claim under the LLC

11

provisions on which it prevailed.  Due to the uniqueness of the procedural posture of this case, however, this does not end the inquiry.

### B.  Conditions of the Statute

### i.  Judgment – General Rule

Under Florida law, an attorneys' fees award "is in derogation of the common law and . . . statutes allowing for the award of such fees should be strictly construed." *Lexow*, 937 F.2d at 573 (quoting *Roberts v. Carter*, 350 So. 2d 78, 78-79 (Fla. 1977)) (internal quotations omitted). Accordingly, "[t]he trial court's jurisdiction to award an attorney fee to an insured is dependent upon the conditions imposed by the statute [Fla. Stat. § 627.428(1)]." *Lexow*, 937 F.2d at 573 (quoting *AIU Ins. Co. v. Coker*, 515 So. 2d 317, 318 (Fla. 2d DCA 1987), *review denied*, 523 So. 2d 576 (Fla. 1988)).  A condition precedent to awarding attorneys' fees under the statute "is the entry of a judgment against the insurer and in favor of the insured." *Lexow*, 937 F.2d at 573 (quoting *Travelers Indem. Co. v. Chisholm*, 384 So. 2d 1360, 1361 (Fla. 2d DCA 1980), *petition for review denied*, 392 So. 2d 1372 (Fla. 1980)); *see State Farm Mut. Auto. Ins. Co. v. Cedolia*, 571 So. 2d 1386, 1386-87 (Fla. 4th DCA 1990) (finding that the language in section 627.428 that allows a fee award "[u]pon the rendition of a judgment or decree . . ." to mean that attorneys' fees are only recoverable after the rendition of a judgment).

Plaintiff argued at the hearing that there has to be a final judgment, including a final judgment through appeal, in order to grant fees under the statute by citing to *State Farm Mutual Automobile Insurance Company v. Cedolia*.  571 So. 2d at 1386.  The Court finds that *Cedolia* is not necessarily helpful in terms of deciding whether it is appropriate to award fees and costs

in this case because procedurally, that case was vastly different from this case.  But other cases are more instructive.

The general test used to determine whether a judgment or decree is final "is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974).  Florida appellate courts disfavor a piecemeal approach that would result in successive appeals, but the courts also recognize that when "a distinct and severable branch of the controversy, cause of action, may be adjudicated by order of the trial court which would be appealable" exists, the general rule is relaxed. *Id.*  The Amended Judgment in this case only disposes of the duty to defend portion of second claim related to the LLC provisions of the insurance policy, leaving the entire action between the two parties open until the underlying suit has concluded because the duty to indemnify portion of the second claim still remains, as it was found by the Court to be premature.  This would indicate that the Amended Judgment in this case is not final as an issue still remains in this action and judicial labor has not yet concluded.  But this case is not that simple.

Here, the duty to defend and the duty to indemnify are distinct and severable branches of the controversy.  Specifically, and as articulated by the Court's Order on the motions for summary judgment (Dkt No. 63), the duty to defend is governed by the allegations in the complaint, while the duty to indemnify is based on a finding of liability and an interpretation of the policy at issue.  (Dkt. No. 63.)  It follows that while the two portions of Count II may share common facts in that they arise from the same policy, the two claims are not dependent on each other in this case and

are severable.[4]   However, the Court cannot say with confidence that the general rule should be

relaxed in this case because of the unique procedural circumstances presented.

### ii.  Judgment – Special Circumstances

The definition a judgment under section 627.428 is not entirely clear when only a partial,

final judgment has been entered in the case and an issue remains for later determination, as is the

case here.  And case law regarding the exact scenario that is presented in this case is scant.  That

is, whether the statute contemplates that fees can be awarded after a judgment on part of a claim

is entered (not even an entire Count), or whether fees must be awarded after judgment has been

entered for the entire action and nothing remains to be litigated in the case.  As will be more fully

discussed, the weight of authority seems to suggest that the current motion for fees and costs be

denied without prejudice until there has been a final judgment in the entire action, especially in

the interest of judicial economy.

As an initial matter, the Court is satisfied that the initial Judgment entered on June 28,

2012 (Dkt. No. 65), and the Amended Judgment entered on September 11, 2012 (Dkt. No. 86),

constituted a judgment in the technical sense in the insured's, 802 East Whiting, favor, on the

duty to defend claim.  *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 Fed. Appx.

962, 964 (11th Cir. 2008) (per curiam) (stating that the statute does not require the insured to

succeed on the merits of the claim) (citations omitted); *Ernie Haire Ford, Inc. v. Universal*

---

[4]The Court notes that had the outcome in this case been different, had the Court found
that there was no duty to defend, then the two claims would be dependent on each other under
Florida law because a finding of no duty to defend equates to no corresponding duty to
indemnify.

*Underwriters Ins. Co.*, No. 6:07-cv-288-Orl-28DAB, 2009 WL 2905457, at *2 (M.D. Fla. Sept. 2, 2009) (stating that there was a judgment in one plaintiff's favor after the District Court, in a declaratory action, granted a summary judgment motion in part in favor of the plaintiff and subsequently entered an Amended Judgment pursuant to the Court's order granting in part the summary judgment motion, even though final judgment had not been entered on all of the plaintiff's claims in the action); *Dawson v. Aetna Cas. & Sur. Co.*, 233 So. 2d 860, 861 (Fla. 3d DCA 1970) (per curiam) (finding under  a prior version of the statute that a dismissal of the insurance company's action was a rendition of a judgment).

However, when there are outstanding issues still left to be resolved in the case, this District has stated that the postponement of the fee award is necessary so that the Court is not engaging in two proceedings to determine fees. *Ernie Haire Ford, Inc.*, 2009 WL 2905457, at *2  (finding that even though there was an Amended Judgment entered on a partial motion for summary judgment that could be considered the basis for a fee award because it was a judgment nonetheless, the Court stated that "the pendency of additional proceedings compels the postponement of the award of fees to Plaintiffs").  Moreover, it should be noted that in *Ernie Haire Ford, Incorporated v. Universal Underwriters Insurance Company*, the Court denied the initial motion for fees and costs without prejudice, pending the determination by the Eleventh Circuit on appeal.  *Id.*  Thus, it appears that while technically a judgment has been entered in the case and can be the basis for an insured to recover fees under the statute, that if an appeal is pending or other issues remain unresolved, the proper procedure is to deny the motion for fees and costs pending a final resolution in the case.  *See Kearney*, 2010 WL 3119380, at *3 ("the

15

Court denied without prejudice Kearney's motion for attorney's fees and taxable costs[] [b]ecause the bad faith claim was still pending, [and] the Court granted Kearney leave to re-file the motion at the conclusion of the second trial on the bad faith claim.").[5]

This seems to be directly in line with Plaintiff's alternative argument that the attorney fee issue is premature.  (Dkt. No. 77 at 6-8.)  Plaintiff cites *Axis Surplus Insurance Company v. Contravest Construction Company* as illustrative of its point because Plaintiff asserts that this case stands in the same place procedurally.  2012 WL 2913525, at **1-2; (*see* Dkt. No. 77 at 7-8, Dkt. No. 91 at 2-3).  In *Axis,*  the insurer, Axis, filed an Amended Complaint, which sought a declaration that it did not have a duty to defend or indemnify its insureds, Contravest, in an underlying construction dispute.  2012 WL 2913525, at *1.  Contravest answered the Amended Complaint and counterclaimed seeking a declaration that Axis did have a duty to defend and indemnify the insureds.  *Id.*  This Court determined, pursuant to cross motions for summary judgment, that Axis had a duty to defend but that the duty to indemnify was premature until the underlying dispute was resolved.  *Id.*  The insureds subsequently sought an award for all of their attorneys' fees in litigating all of the claims in the action, pursuant to section 627.428.  *Id.*  The Court denied the motion for fees without prejudice because the motion was premature.  *Id.*  The Court reasoned that the motion was premature because the request for fees sought "*all* fees incurred in litigating the claims filed by Axis,' even though one of the claims (for a declaration

---

[5]While the Court notes that *Kearney* is somewhat distinguishable from this case in that no judgment was entered in the case until all claims were resolved and all trials were concluded, the other cases in this District seem to follow the same procedure regardless.  *See e.g.*, *Axis*, 2012 WL 2913525, at *2.

that there is no duty to indemnify) remains unresolved." *Id.* at *2. Further, the Court noted that to determine a reasonable fee award under Florida law, trial courts "should consider whether the insured prevailed on some but not all the issues that can be separately determined . . ." *Id.* (citation omitted). Accordingly, the Court found the fee determination premature because it was largely dependent on resolving the indemnity claim. *Id.*

The Court is persuaded by the *Axis* decision. First, this case is procedurally similar to *Axis*, even as to the exact issues (duty to defend and duty to indemnify). Like *Axis*, partial summary judgment was granted in the insured's, 802 East Whiting, favor on the issue of the duty to defend, but the indemnity issue was deemed premature. Likewise, Defendant 802 East Whiting also sought *all* fees and costs associated with defending this action, even though it was only thus far successful on the duty to defend under Count II. As in *Axis*, this Court will also have to re-visit the issue regarding fees and costs after resolution of the indemnity issue, and therefore, the fee determination is also premature in this case.

On the other hand, Defendant 802 East Whiting has drawn this Court's attention to *Great American Fidelity Insurance Company v. JWR Construction Services, Incorporated*, No. 10-61423-CIV., 2012 WL 1193848, at **1-21 (S.D. Fla. Apr. 9, 2012), which is also procedurally similar to this case, but nonetheless fails to be persuasive. Contrary to the *Axis* decision, the court in *Great American* immediately issued a fee award to the insured pursuant to section 627.428, after the insured prevailed on summary judgment as to the duty to defend issue, when at the same time, the duty to indemnify issue was considered premature and stayed until resolution of the underlying action. *Id.* at **1, 20. While the court did not delve into much analysis regarding why

17

it decided to immediately awarded fees and costs, the only reason the court articulated was to reimburse the insured for its defense costs incurred up to that point because the insurer had not been defending the insured in the underlying action. *Id.* at *20. But *Great American* is distinguishable from the present case because Plaintiff has been defending 802 East Whiting in the underlying action under a reservation of rights throughout the suit. Accordingly, the necessity to reimburse the insured for defense costs and fees immediately as in *Great American* is not present here. The Court finds the *Axis* decision more persuasive and instructive in deciding this matter.

Although not argued by Defendant 802 East Whiting, the Court finds it necessary to further justify its position regarding the premature fee issue. The issue of awarding fees and costs under the statute is not considered premature (and can be awarded immediately upon judgment) if the only outstanding issue to be resolved is unrelated to matters already adjudicated and is part of a wholly separate proceeding. *State Farm Mut. Auto. Ins. Co. v. Stack*, 543 So. 2d 782 (Fla. 3d DCA 1989). That is simply not the case here. For example, in *State Farm Mutual Automobile Insurance Company v. Stack*, insureds filed a complaint seeking a declaratory judgment that their automobile insurance policy provided uninsured motorists' ("UM") coverage. *Id.* at 784. Although summary judgment was initially granted against the insureds, on remand, the insureds were found to have been covered by their State Farm insurance policy. *Id.* at 783. However, the parties were ordered to arbitration to determine whether they were entitled to recover. *Id.* The trial court then entered a judgment for attorneys' fees for the insureds pursuant to section 627.428. *Id.* State Farm subsequently appealed the order for fees, asserting that the fee award

18

was premature because a judgment had not been rendered in the insured's favor as required by the statute. *Id.* But the court affirmed the decision to award fees to the insureds. *Id.* at 784. In arriving at its decision, the court expressed that when a determination of coverage "finally disposes of a discrete piece of litigation which is concerned with that issue [that determination] qualifies for fees under the statute." *Id.* (citations omitted). Moreover, the court stated that just because "a separate, and essentially unrelated arbitration proceeding must be conducted to resolve the factual questions concerning the liability . . . which we explicitly stated in the earlier opinion did *not* involve "coverage"— does not mitigate from the plaintiffs' success in the present case." *Id.* (internal citation omitted).

To the contrary, in this case, this action has not been finally concluded like the action was in *Stack*. While there may have been a judgment in this case in the technical sense, an issue still remains to be litigated – whether Plaintiff has a duty to indemnify Defendant 802 East Whiting under the LLC provisions, which this Court stated is premature until the underlying action is resolved. Therefore, the issue of indemnity will have to be determined by this Court, not in a wholly separate proceeding but as part of this action. Accordingly, awarding fees as the court did in *Stack* is inappropriate here. The undersigned recommends that Defendant 802 East Whiting's Motion for Attorney's Fees and Costs and corresponding Supplement (Dkt. Nos. 69, 75) be denied without prejudice, and Defendant 802 East Whiting be granted leave to re-file an amended motion for fees and costs after final judgment has been entered in this case.

## IV. Other Motions Related to Costs

As previously noted, the Estate filed a "Motion" to determine its entitlement to costs (Dkt.

No. 71) and a Bill of Costs (Dkt. No. 72).  Plaintiff also filed an Amended Bill of Costs with attached documentation of all of its costs (Dkt. No. 73).  Stated simply, the issue of costs is also premature at this time.[6]

Most significantly, determining costs is premature because until the conclusion of this case, the Court cannot determine who the prevailing party is in order to award costs.  *See* Fed. R. Civ. P. 54(d)(1) (dictating that costs should be awarded to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise); *see also Hendricks v. Rambosk*, No. 2:10-cv-526-FtM-29DNF, 2011 WL 4903072, at * 1 (M.D. Fla. Oct. 13, 2011) (finding motions for costs premature and denied without prejudice even when prevailing party was not in dispute because the motion lacked supporting documentation and the Court specifically withheld final judgment until conclusion of the case).  Although the Eleventh Circuit stated that a party need not prevail on all issues to be the prevailing party entitled to a full award of costs, a prevailing party is usually the litigant for whom judgment has been rendered. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (citations omitted).  But this determination is problematic in this case because, technically, several judgments have been entered and in favor of all three parties, in addition to one issue remaining pending.

Additionally, a prevailing party can be a party that prevailed "on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (internal citations and

---

[6]The Court notes that this analysis is also applicable to 802 East Whiting's request for costs in its Motion and Supplement for fees.

quotations omitted).  Further, "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs*, No. 96-1142-CIV-T-25F, 1998 WL 776848, at *1 (M.D. Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).  However, what is central to determining a prevailing party still requires a determination of which party was successful and on which claims, which is impossible to determine at this time when an issue still remains outstanding.[7]  Therefore, the Court cannot determine costs at this time as it cannot determine the threshold matter regarding the prevailing party.

Accordingly, the undersigned recommends that the Estate's Motion regarding costs (Dkt. No. 71) the Estate's Bill of Costs (Dkt. No. 72), and Plaintiff's Amended Bill of Costs (Dkt. No. 73) be denied without prejudice, and the Estate and Plaintiff be granted leave to re-file an amended Bill of Costs with the necessary documentation after final judgment has been entered in this case.

## V. Conclusion

Accordingly, and for the foregoing reasons, it is hereby **RECOMMENDED** that:

1)      Defendant 802 East Whiting's  Motion to Determine Entitlement to Attorney's

---

[7]While the Court recognizes that Plaintiff may assert it was the prevailing party because it prevailed on Count I, including two claims under the CGL provisions, and it prevailed as to the Estate counterclaim, without knowing whether Plaintiff or 802 East Whiting prevails on the outstanding duty to indemnify claim under the LLC provisions, this Court cannot say with certainty which party was ultimately successful on the significant issues.  It may just be that prevailing under the LLC provisions is more significant, and if that claim is granted in 802 East Whiting's favor, then 802 East Whiting may be considered the prevailing party.

Fees and Costs Pursuant to Section 627.428, Florida Statutes and Incorporated

Memorandum of Law (Dkt. No. 69) be **DENIED WITHOUT PREJUDICE**;

2)      Defendant 802 East Whiting's Supplemental Motion for Attorney's Fees and

Costs Pursuant to Section 627.428, Florida Statutes and Incorporated

Memorandum of Law (Dkt. No. 75) be **DENIED WITHOUT PREJUDICE**;

3)      The Estate's Motion to Determine Entitlement to Attorney Costs and Motion for

Extension of Time to File Supporting Documentation Once Entitlement Has Been

Determined (Dkt. No. 71) be **DENIED WITHOUT PREJUDICE**;

4)      The Estate's Bill of Costs (Dkt. No. 72) be **DENIED WITHOUT PREJUDICE**;

and

5)      Plaintiff's Amended Bill of Costs (Dkt. No. 73) be **DENIED WITHOUT**

**PREJUDICE**.

**IT IS SO REPORTED** in Tampa, Florida on this 7th day of February, 2013.

_____

ANTHONY E. PORCELLI
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date it is served on the parties shall

bar an aggrieved party from a de novo determination by the District Court of issues covered in

the report, and shall bar the party from attacking on appeal factual findings in the report accepted

or adopted on appeal by the District Court except upon grounds of plain error or manifest

injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th

Cir. 1982) *(en banc).*

Copies furnished to:
Honorable Elizabeth A. Kovachevich
Counsel of Record