UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOUNDERS INSURANCE COMPANY,

    Plaintiff,

vs.                                      CASE NO. 8:10-CIV-2286-T-EAK-AEP

JESUS CORTES-GARCIA, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Anthony E. Porcelli on February 7, 2013 (Doc. 92). The magistrate judge recommended that: 1) the Defendant 802 East Whiting Street, Inc. (East Whiting)'s motion for attorney's fees and costs (Doc. 69) be denied without prejudice; 2) East Whiting's supplemental motion for attorney's fees and costs (Doc. 75) be denied without prejudice; 3) the defendant Jesus Cortes-Garcia, as personal representative of the Estate of Jose Cortes-Garcia (the Estate)'s motion for attorney's fees and costs (Doc. 71) be denied without prejudice; 4) the Estate's bill of costs (Doc. 72) be denied without prejudice; and 5) the Plaintiff's amended bill of costs (Doc. 73) be denied without prejudice.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District

of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. Objections were filed by East Whiting (Doc. 93) and a response to those objections was filed by the Plaintiff (Doc. 94).

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The only timely objections to the report and recommendation were filed by East Whiting (Doc. 93). Therefore, the Court finds that there being no objections by the other parties to the R&R, those portions of the R&R that relate to the Estate's motion for attorney's fees and costs (Doc. 71) and bill of costs (Doc. 72) and Plaintiff's amended bill of costs (Doc. 73) will be adopted.

Defendant East Whiting objections are to: 1) the Magistrate Judge's finding that the

"Plaintiff did not act wrongfully from the time it filed its Complaint up until March 21, 2012, when Plaintiff was notified that the Second Amended Complaint was filed in the underlying action" (R&R pg. 11); 2) the finding that the East Whiting's entitlement to attorney's fees stopped on June 28, 2012; and 3) the recommendation to deny the motion for fees and costs as being premature.

Section 627.428 is the Florida Statute upon which the Magistrate Judge relies in finding that East Whiting is not entitled to attorney's fees until on or about March 21, 2012. That section provides:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had...

The R&R found that East Whiting was entitled to fees from the time they first filed the second amended complaint and first alleged coverage under the Liquor Liability Coverage provisions of the insurance policy because that is the date on which the insurance "wrongfully" continued the litigation on the issue of defending the duty to defend the Liquor Liability Coverage claim. This Court finds that the objections to this portion of the R&R are not well-taken. The Court concurs with the Magistrate Judge that the attorney's fees in this case would commence on March 21, 2012, as to the the issue of defending the duty to defend the Liquor Liability Coverage claim.

The next issue is the statement whether East Whiting was entitled to fees only through June 28, 2012, the date the Court entered the order which resulted in closure of the case as premature as to the duty to indemnify.  The Court does not read the R&R as cutting off the fees on June 28, 2012, but that is the date to which fees had been sought at that time.  The Court agrees that East Whiting may be entitled to further fees but that issue is also premature at this time.  When this case returns to the Court for further proceedings, the amount of fees can be addressed from the date of March 21, 2012.

The last issue is whether or not the Magistrate Judge erred in finding the motions for fees and costs to be premature.  While the Court recognizes East Whiting's desire to receive any fees and costs now, that is not persuasive.  The Court agrees with the Magistrate Judge on this issue.

The Court has reviewed the report and recommendation and made an independent review of the record.  Upon due consideration, the Court concurs with the report and recommendation.  Accordingly, it is

**ORDERED** that the report and recommendation, February 7, 2013 (Doc. 92)  be **adopted** and **incorporated by reference**; the objections are **overruled;** the Defendant 802 East Whiting Street, Inc.'s motion for attorney's fees and costs (Doc. 69) and supplemental motion for attorney's fees and costs (Doc. 75) be denied without prejudice; the defendant Jesus Cortes-Garcia, as personal representative of the Estate of Jose Cortes-Garcia's motion for attorney's fees and costs (Doc. 71) and bill of costs (Doc. 72) be denied without prejudice; the Plaintiff's amended bill of costs (Doc. 73) be denied without prejudice and the Estate and

Plaintiff are granted leave to re-file amended bills of costs, with the necessary documentation, after final judgment has been entered in the case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 11th day of March, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge